# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL D. WIECK | § | |
| | § | |
| v. | § | A-17-CV-599 LY |
| | § | |
| SYNRG. ROYCE LLC, | § | |
| D/B/A GOGREENTX, LLC, et al. | § | |

## INTERIM REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Motion for Entry of Default Judgment Against Synrg. Royce LLC, D/B/A GoGreenTX, LLC and Dennis Royce, Jr. (Doc. No. 22). The Court submits this Report and Recommendation pursuant to U.S.C. § 636(b)(1)(B), Federal Rules of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. BACKGROUND

On June 28, 2017, Michael Wieck filed this lawsuit under the Fair Labor Standards Act against his former employer, Synrg. Royce LLC d/b/a GoGreenTX, LLC ("GoGreen"), and alleged part-owners of the company, Dennis Royce Jr., Nathan McKinney, and Eric Bauman. Wieck worked as a production manager at GoGreen from December 2015 through March 2017. He alleges that throughout his employment with GoGreen, he regularly worked in excess of forty (40) hours per week and that GoGreen failed to pay him overtime compensation as required under the FLSA. Wieck also alleges that between late October 2016 and February 2017, he worked approximately nine weeks for GoGreen without any pay whatsoever, and that he has not been reimbursed for approximately $12,030.97 in expenses he was forced to charge on his personal credit card. In

addition to his FLSA claim, Wieck alleges breach of contract, promissory estoppel, negligent misrepresentation, and unjust enrichment under Texas law. He seeks $17,382.45 in unpaid wages and liquidated damages under the FLSA, $12,030.97 in un-reimbursed work expenses under Texas law, and $14,611.00 in attorney's fees.

To date, Defendants GoGreen and Dennis Royce Jr. have failed to answer. Wieck now moves for a default judgment against them. GoGreen and Royce have not responded.

## II. ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. FED. R. CIV. P. 55(b). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). In addition, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Though Wieck appears to be entitled to a default judgment,[1] it would nevertheless be improper to enter judgment against GoGreen and Royce at this time because there are other defendants that have filed answers, and Wieck is requesting that the defendants be held jointly and

---

[1] Courts have developed a three-part test to determine whether a default judgment should be entered. First, the court considers whether the entry of default judgment is procedurally warranted. *Nasufi v. King Cable Inc.*, 2017 WL 6497762, * 1 (N. D. Tex. 2017) (citing *Lindsey*, 161 F.3d at 893). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for the judgment. *Id.* at * 2. Finally, the court determines what form of relief, if any, the plaintiff should receive in the case. *Id.* Wieck appears to be able to meet these requirements with regard to GoGreen and Royce.

severally liable. Since the Supreme Court decided *Frow v. De La Vega*[2] in 1872, the established rule regarding default judgments has been "that when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the non-defaulted defendants has been decided." *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, 2009 WL 10669490, at *3 (W.D. Tex. May 28, 2009) (quoting *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997)). If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the other defendant. To avoid this problem, "when there are multiple defendants only one of whom is in default, the Court will withhold even granting default judgment until a decision on the merits has been reached as to the remaining defendants. *Nasufi*, 2017 WL 6497762, at *3.[3]

Because there are two other defendants in this case who have answered—Nathan McKinney and Eric Bauman—and because the claims against all of the defendants are seeking joint and several liability, it would be improper to enter a default judgment against GoGreen and Royce now. Wieck has obtained the Clerk's Entry of Default as to the defaulting parties, and thus is protected with regard to having to proceed any further as to GoGreen and Royce. But before a joint and several judgment may be entered against them, he must first obtain a judgment against the answering defendants.

---

[2] 82 U.S. 552 (1872),

[3] *See also Metropcs v. PC-Wiz Corp.*, 2017 WL 131696, at *6 (N.D. Tex. Jan. 13, 2017); *Martinez v. Brownsville Doctors Hosp., LLC*, 2013 WL 12174046, at *2 (S.D. Tex. Aug. 29, 2013); *Gen. Elec. Capital Corp v. Arnoult*, 2002 WL 32856, at *2 (E.D. La. Jan. 9, 2002); *Raleigh Cycle Co. of Am. v. Risha*, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987).

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Entry of Default Judgment Against Synrg. Royce LLC d/b/a GoGreenTX, LLC and Dennis Royce, Jr. (Doc. No. 22).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of January, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE