# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| MICHAEL D. WIECK | § | |
| --- | --- | --- |
| | § | |
| v. | § | A-17-CV-599 LY |
| | § | |
| SYNRG. ROYCE LLC, | § | |
| D/B/A GOGREENTX, LLC, et al. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendant McKinney's Answer or in the alternative, Plaintiff's Response to Defendant McKinney's Motion for Relief (Dkt. No. 24). Defendant Nathan McKinney did not file a response to the Motion to Strike.

## I. General Background

On June 28, 2017, Michael Wieck filed this lawsuit under the Fair Labor Standards Act against his former employer, Synrg.Royce LLC, d/b/a GoGreenTX, LLC ("GoGreen"), as well as part-owners of Go-Green, Dennis Royce Jr., Nathan McKinney, and Eric Bauman. On October 18, 2017, Defendant Nathan McKinney ("McKinney"), who is proceeding *pro se*, filed a three-sentence "Answer" to the Complaint requesting that he be removed from this lawsuit on the basis that he is not an owner of the GoGreen. Wieck now moves to strike the Answer contending that it fails to comply with Federal Rule of Civil Procedure 8(b)(1).

## II. Analysis

Federal Rule of Civil Procedure 8(b) governs a defendant's admissions and denials of allegations in a complaint and provides the following:

(1) In General. In responding to a pleading, a party must:

    (A) state in short and plain terms its defenses to each claim asserted against it; and

> (B) admit or deny the allegations asserted against it by an opposing party.
>
> (2) Denials--Responding to the Substance. A denial must fairly respond to the substance of the allegation.
>
> (3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
>
> (4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
>
> (5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
>
> (6) Effect of Failing to Deny. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

FED. R. CIV. P. 8(b).[1] "Each allegation must be simple, concise, and direct. No technical form is required." FED. R. CIV. P. 8(d)(1). In addition, "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). The purpose of Rule 8 is to ensure that the plaintiff is aware of the allegations in the complaint that the defendant admits and those that he contests, so the plaintiff knows what he will need to prove at trial. *Bruce v. Anthem Ins. Cos., Inc.*, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) McKinney's three-sentence "Answer" to Wieck's FLSA Complaint states the following:

> Defendant requests to be removed from this civil suit in its full capacity.

---

[1] The Federal Rules of Civil Procedure are available online at https://www.law.cornell.edu/rules/frcp. The Court also directs McKinney to the information on its website for parties proceeding without an attorney, located at http://www.txwd.uscourts.gov/filing-without-an-attorney/.

> Please see attached documents provided showing the principal owner of the company in suit.
>
> Defendant requests that the Court remove NATHAN MCKINNEY from this civil suit based off attached documents provided showing that Defendant was only a 1099 contractor and not an officer within the company.

Dkt. No. 23.

McKinney's Answer to the Complaint fails to comply with Rule 8(b). However, striking the Answer is not the appropriate solution in this case; rather, McKinney should be permitted to file an Amended Answer or a Motion to Dismiss under Rule 12(b)(6). *See Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 582 (D. Del. 2015) (denying motion to strike after concluding that "the better exercise of its discretion is to permit [defendant] to amend its answer to be in compliance with Rule 8). "When an answer does not comply with Rule 8(b), a plaintiff may move to require the defendant to replead. This request for relief enables defendants to cure their pleading defects without suffering the consequences of having the averments of [a] complaint deemed admitted, or their defenses stricken." *Ball v. Life Ins. Co. of North America*, 2017 WL 6621539, at *4 (N.D. Tex. Dec. 28, 2017) (internal citations and quotations omitted).

Plaintiff's Motion to Strike Defendant McKinney's Answer (Dkt. No. 24) is **DENIED**, but McKinney is **ORDERED** to file by February 23, 2018, either: (1) an Amended Answer that complies with Rule 8(b); or (2) a Motion to Dismiss that complies with Rule 12(b)(6).

SIGNED this 30th day of January, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE