# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL D. WIECK | § | |
| | § | |
| v. | § | A-17-CV-599 LY |
| | § | |
| SYNRG. ROYCE LLC, | § | |
| D/B/A GOGREENTX, LLC, et al. | § | |

## INTERIM REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Nathan McKinney's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 30), and Plaintiff's Response to Defendant Nathan McKinney's Motion to Dismiss (Dkt. No. 31). McKinney did not file a Reply. The Court submits this Report and Recommendation pursuant to U.S.C. § 636(b)(1)(B), Federal Rules of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. BACKGROUND

On June 28, 2017, Michael Wieck ("Wieck") filed this lawsuit under the Fair Labor Standards Act against his former employer, Synrg. Royce LLC d/b/a GoGreenTX, LLC ("GoGreen"), and alleged part owners of the company, Dennis Royce Jr., Nathan McKinney, and Eric Bauman. Wieck worked as a production manager at GoGreen from December 2015 through March 2017. He alleges that throughout his employment with GoGreen, he regularly worked in excess of forty (40) hours per week and that Defendants failed to pay him overtime compensation as required under the FLSA. Wieck also alleges that between late October 2016 and February 2017, he worked approximately nine weeks for GoGreen without any pay whatsoever, and that he has not

been reimbursed for approximately $12,030.97 in expenses he was forced to charge on his personal credit card. In addition to his FLSA claim, Wieck has asserted a negligent misrepresentation claim against all of the defendants in the case. He also asserts breach of contract, promissory estoppel and unjust enrichment under Texas law against Defendant GoGreen. He seeks $17,382.45 in unpaid wages and liquidated damages under the FLSA, $12,030.97 in un-reimbursed work expenses under Texas law, and $14,611.00 in attorney's fees.

Nathan McKinney moves to dismiss, arguing that Wieck has failed state a claim for relief under the FLSA or to support his negligent misrepresentation claim under Texas law.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

# III. ANALYSIS

McKinney argues that Wieck's FLSA and negligent misrepresentation claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, McKinney argues that he cannot be considered an "employer" under the FLSA and thus cannot be liable under the statute. McKinney further argues that Wieck has failed to allege all the essential elements of a negligent misrepresentation claim under Texas law.

In response, Wieck argues that he has alleged sufficient facts to state a plausible claim for relief under the FLSA and for negligent misrepresentation. Wieck also argues that McKinney is attempting to rely on evidence outside of the pleadings which is not appropriate at the Rule 12(b)(6) stage.[1] The Court agrees. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir.), *cert. denied*, 488 U.S. 926. (1988). In this instance, the Court believes that the correct exercise of that discretion is not to consider any evidence outside the pleadings. In making this recommendation, the Court has therefore limited itself solely to the pleadings on file. *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999),*cert. denied*, 530 U.S. 1229 (2000).

**A.    FLSA Claim**

As noted, Wieck has asserted his FLSA claim against all of the Defendants in this case. Specifically, Wieck alleges that the Defendants violated the FLSA by failing to pay him overtime

---

[1] *See* Dkt. Nos. 30-1 to 30-3.

compensation for hours he worked in excess of forty hours per workweek as required under the FLSA, 29 U.S.C. § 207. The FLSA only applies to "employers," who are defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d). The Fifth Circuit uses the "economic reality" test when determining whether a party is an employer under the FLSA. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Under the economic reality test, courts must evaluate "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355 (citation and internal quotation marks omitted). Not every one of these tests must be met. *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies," and due to the remedial purposes of the FLSA, courts "define employer more broadly than the term would be interpreted in traditional common law applications." *Id.* (citations and internal punctuation omitted). In joint employer contexts, such as this case, each employer must meet the economic reality test. *Id.*

>With regard to McKinney's status as an employer, Wieck's Complaint alleges the following:
>
>At the times material to Plaintiff's claims, Defendant McKinney was a corporate officer for, and part owner of, Defendant GoGreen. At the times material to Plaintiff's claims, Defendant McKinney acted directly or indirectly in the interest of Defendant GoGreen, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work, and/or Defendant McKinney exercised operational control over Defendant GoGreen and had the authority to act on behalf of Defendant GoGreen vis-à-vis its employees. Defendant McKinney was an employer of Plaintiff as defined by 29 U.S.C. §203(d).
>
>\* \* \*

> In November 2016, Defendant McKinney authorized Plaintiff to charge approximately $12,030.97 in work-related expenses on Plaintiff's personal credit card. Defendant McKinney promised Plaintiff that Defendant GoGreen would reimburse him for the expenses.

Dkt. No. 3 at ¶ 9 and ¶ 15. Theese allegations raise a plausible claim that McKinney was Wieck's employer as defined by the economic reality test, which is all that is required at the motion to dismiss stage. *See Akins v. Worley Catastrophe Response*, LLC, 921 F. Supp. 2d 593, 605 (E.D. La. 2013) (finding that plaintiff had alleged sufficient facts to withstand motion to dismiss FLSA claim and noting that "Plaintiffs need not detail in their complaint every fact on which they may eventually rely to prove their claim."). Whether Wieck will be able to produce sufficient evidence to prove that McKinney was his employer may be the subject of a motion for summary judgment or for the trial in this case. But at this time, the undersigned recommends that McKinney's motion to dismiss the FLSA claim be denied.

**B.    Negligent Misrepresentation Claim**

Wieck's Complaint alleges the following with regard to his negligent misrepresentation claim against McKinney:

> In November 2016, Defendant McKinney authorized Plaintiff to charge approximately $12,030.97 in work-related expenses on Plaintiff's personal credit card. Defendant McKinney promised Plaintiff that Defendant GoGreen would reimburse him for the expenses. In reliance on this promise, Plaintiff charged the expenses to his personal credit card. It was reasonably foreseeable that Plaintiff would rely on Defendant McKinney's promise.

Dkt. No. 3 at ¶ 15.

Under Texas law, a plaintiff alleging negligent misrepresentation must prove the following: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in

5

their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005). "Under Texas law, promises of future conduct will not support a negligent-misrepresentation claim." *Bassknight v. Deutsche Bank Nat. Tr. Co.*, 611 F. App'x 222, 224 (5th Cir. 2015). The "false information contemplated in a negligent misrepresentation case must be a misstatement of an existing fact rather than a promise of future conduct." *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 995 F. Supp.2d 587, 604 (N.D. Tex. 2014); *see also, Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 366 (Tex. App.– Houston [14th Dist.] 2017), no pet.) ("The term 'false information,' as used in the elements of a negligent-misrepresentation claim, means a misstatement of existing fact, not a promise of future conduct.").

Wieck's negligent misrepresentation claim is solely based on the allegation that McKinney "promised Plaintiff that Defendant GoGreen would reimburse him for the expenses." Dkt. No. 3 at ¶ 15. Thus, Wieck's negligent misrepresentation claim is based on a an alleged misstatement of a future event, rather than misstatement of an already existing fact. This fails to state a claim under Texas law. *See Campbell v. DLJ Mortg. Capital, Inc.*, 628 F. App'x 232, 236 (5th Cir. 2015) (affirming dismissal of negligent misrepresentation claim where it was based on a promise to do something in the future since "[a] promise about the future is not a statement of existing fact.").[2]

---

[2] *See also, Bassknight v. Deutsche Bank Nat. Tr. Co.*, 611 F. App'x 222, 224 (5th Cir. 2015) (holding that the lenders' promise not to foreclose for thirty days was a promise regarding future conduct and thus failed to state a negligent misrepresentation claim under Texas law); *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007) (holding that negligent misrepresentation claim failed where complaint alleged a misstatement of a future event, rather than misstatement of an already existing fact); *Lindsey Constr.,* 541 S.W.3d at 366 (same).

## IV. RECOMMENDATION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Nathan McKinney's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 30). The Court **RECOMMENDS** that the District Court **GRANT** the Motion and **DISMISS WITH PREJUDICE** Wieck's negligent misrepresentation claim under Texas law, but **DENY** the Motion with regard to Wieck's claim under the FLSA.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE