# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL D. WIECK | § | |
| | § | |
| v. | § | A-17-CV-599 LY |
| | § | |
| SYNRG. ROYCE LLC d/b/a | § | |
| GOGREENTX, LLC, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Renewed Motion for Default Judgment against Synrg.Royce LLC d/b/a GoGreenTX, LLC and Dennis Royce, Jr., filed on November 27, 2018 (Dkt. No. 51). The Court submits this Report and Recommendation pursuant to U.S.C. § 636(b)(1)(B), Federal Rules of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. BACKGROUND

### A. Factual Background

On June 28, 2017, Michael Wieck ("Wieck") filed this lawsuit under the Fair Labor Standards Act against his former employer, Synrg.Royce LLC d/b/a GoGreenTX, LLC ("GoGreen"), and alleged part-owners of the company, Dennis Royce Jr., Nathan McKinney, and Eric Bauman. Wieck worked as a production manager at GoGreen from December 2015 through March 2017. He alleges that throughout his employment with GoGreen, he regularly worked in excess of 40 hours per week and that Defendants failed to pay him overtime. Wieck also alleges that between late October 2016 and February 2017, he worked approximately nine weeks for GoGreen without any pay whatsoever, and that he has not been reimbursed for approximately $12,030.97 in expenses he

was forced to charge on his personal credit card, which he seeks to recover from GoGreen under state law. In total, Wieck seeks $17,382.45 in unpaid wages and liquidated damages under the FLSA, $12,030.97 in un-reimbursed work expenses under Texas law, and $38,384.41 in attorney's fees.

**B.      Procedural Background**

After Defendants GoGreen and Dennis Royce Jr. failed to respond to the Complaint, the Clerk entered default against GoGreen and Royce on July 27, 2017. See Dkt. No. 12. On September 29, 2017, Wieck filed his first Motion for Default Judgment against GoGreen and Royce. See Dkt. No. 22. On January 30, 2018, the undersigned issued a Report & Recommendation finding that while Wieck "is entitled to a default judgment," it recommended that the District Court deny the Motion without prejudice since "it would be improper to enter judgment against GoGreen and Royce at this time because there are other defendants that have filed answers, and Wieck is requesting that the defendants be held jointly and severally liable." Dkt. No. 28 at 2-3. On August 17, 2018, the District Court adopted the Report and Recommendation. Dkt. No. 42.

Since the entry of these Orders, all claims have been resolved against the remaining defendants in this case. Specifically, on August 17, 2018, the District Court granted this Court's Report and Recommendation and dismissed Eric Bauman from this lawsuit. Dkt. No. 43. On October 9, 2018, Wieck dismissed all claims against Nathan McKinney. Dkt. No. 50. Accordingly, the only remaining defendants in this case are GoGreen and Royce ("Defendants") who have failed to answer this lawsuit. Wieck has now filed a Renewed Motion for Default Judgment against the Defendants.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A default judgment, thus, "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ). The well-pleaded allegations in the complaint are assumed to be true, except regarding damages. *Nishimatsu*, 515 F.2d at 1206; *see also United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The entry of a default judgment is reviewed for abuse of discretion. *Id.* at 1013.

## III. ANALYSIS

Courts have developed a three-part test to determine whether a default judgment should be entered. First, the court considers whether the entry of default judgment is procedurally warranted. *Nasufi v. King Cable Inc.*, 2017 WL 6497762, * 1 (N. D. Tex. 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for the judgment. *Id.* at * 2. Last, the court determines what relief, if any, the plaintiff should receive. *Id.*

### A. Is the Default Procedurally Warranted?

First, the Court considers whether the entry of default judgment is procedurally warranted. *Lindsey*, 161 F.3d at 893. The factors relevant to this inquiry include: (1) whether material issues

of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id*. The Court finds that all of these factors have been met in this case.

Because Defendants have not filed an answer or any responsive pleadings in this case, there are no material facts in dispute. *See Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex, Oct. 5, 2011). Third, the grounds for default are "clearly established," as Defendants have not responded to any of the proceedings in this case. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (citations and quotations omitted). Fourth, there is no evidence to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Wieck seeks only the relief to which he is entitled under the law, mitigating the harshness of a default judgment against Defendants. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

**B.     Is there a Sufficient Basis for the Judgment?**

Second, the Court must assess the substantive merits of Wieck's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *Nishimatsu*, 515 F.2d at 1206.

In doing so, courts are to assume that by its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." Section 207(a) of the FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. The FLSA defines an "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). Under the Fifth Circuit's economic reality test, an "employer" includes a corporate officer if that officer exercises "managerial responsibilities and substantial control of the terms and conditions of the employer's work." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-972 (5th Cir. 1984), *cert. denied*, 471 U.S. 1124 (1985); see also *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). Here, the complaint's factual allegations—and the evidence submitted in support of this motion—establish that Defendants are liable to Plaintiff for unpaid overtime wages under the FLSA. In addition, the evidence demonstrates that Wieck incurred $12,030.97 in damages after GoGreen breached its oral contract with Wieck to reimburse him for the expenses charged to his personal credit card.

**C.    Damages**

Lastly, the Court must determine what form of relief, if any, Wieck is entitled to receive in this case. Courts have found that if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary to determine damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Wieck has submitted

5

sufficient documentation to support his request for damages in this case. Based on this undisputed evidence, the Court finds that Defendants are jointly and severally liable to Wieck for the total sum of $55,766.85. This total is comprised of the following amounts:

| | |
|---|---|
| $8,691.22 | unpaid overtime under 29 U.S.C. § 207(a), |
| $8,691.22 | liquidated damages under 29 U.S.C. § 216(b) |
| $38,384.41 | attorneys' fees |

In addition to this amount, the Court also finds that GoGreen (but not the other defendants) is liable to Wieck for the additional sum of $12,030.97, as damages incurred by Wieck for the company's failure to reimburse him for business expenses charged on his credit card.

## IV. RECOMMENDATION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Renewed Motion for Default Judgment against Synrg.Royce LLC d/b/a GoGreenTX, LLC and Dennis Royce, Jr. (Dkt. No. 51), and **ENTER JUDGMENT** in favor of Wieck and against Defendants Synrg.Royce LLC d/b/a GoGreenTX, LLC. and Dennis Royce, Jr., jointly and severally, in the amount of for $55,766.85, and in favor of Wieck and against only Defendant Synrg.Royce LLC d/b/a GoGreenTX, LLC. in the amount of $12,030.97.

Finally, the Clerk should remove this case from the undersigned's docket and return it to the docket of the District Judge.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 20th day of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE